UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 14-3046-SEM |
| ) | |
| ) | |
| MICHELLE R. B. SADDLER, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Timothy Bell, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendant Michelle R.B. Saddler, the Secretary of the Illinois Department of Human Services.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Bell alleges that, after completing his prison sentence on March 6, 2006, he was detained as a sexually violent person by the Illinois Department of Human Services. On July 27, 2007, a jury found Bell to be a sexually violent person pursuant to Illinois law, and he was subsequently housed in Rushville.

Bell claims that, since being placed in Rushville, he has not received any treatment for his condition. Bell alleges that Defendant Michelle R.B. Saddler, who is the Secretary of the Illinois

2

Department of Human Services, is the person responsible for ensuring that he receive treatment while in Rushville.

Bell has attempted to state a cause of action under the Eighth Amendment for deliberate indifference, but because Bell is a civil committee, his claim falls under the Fourteenth Amendment's due process clause because he is more akin to a pretrial detainee than a prisoner. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998)(quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). However, the Seventh Circuit has also stated that "there is little practical difference between the two standards." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)(internal quotation omitted).

The Court finds that Bell's Complaint states a claim for violating his due process rights protected by the Fourteenth Amendment. The United States Supreme Court has held that "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for

which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001). The Supreme Court has also opined that involuntarily committed mentally challenged persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

And, the Seventh Circuit has extended and summarized *Youngerberg* to include those individuals committed because they are sexually violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012(internal quotation omitted). In other words, the Seventh Circuit has held that "*Youngerberg* holds that, under the due process clause, detainees are entitled to non-punitive programs designed using the exercise of professional judgment . . . ." *Id.* at 883.

Here, Bell has alleged that he did not receive any treatment since being housed in Rushville. The Fourteenth Amendment

4

requires that Bell receive some treatment. Therefore, Bell has stated a cause of action upon which relief can be granted.

According to Bell, Defendant Saddler is the person responsible for ensuring that he receive treatment. This allegation is sufficient to survive of this Merit Review.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [2] is GRANTED. Based upon his inability to pay, no reduced filing fee will be assessed against Plaintiff.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment due process claim against Defendant for failure to offer treatment during his confinement at Rushville. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before

Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

  4. The Court will attempt service on Defendant by mailing her a waiver of service. Defendant has 60 days from service to file an Answer. If Defendants has not filed an Answer or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendant, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

  5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

  6. Defendant shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an

Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the Answer is necessary or will be considered.

7. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) SHOW PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [2] AS GRANTED; 2) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; AND 3) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: April 1, 2014

FOR THE COURT:

                                                            s/ Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE